■ In the Matter of MELISSA M. and Another, Children Alleged to be Abused.—Order unanimously reversed on the law without costs and petition dismissed. Memorandum: The evidence adduced at the hearing was insufficient to support the trial court's determination that respondent willfully violated prior court orders regarding his presence at or in the vicinity of corespondent's residence at the times that she exercised visitation rights with her children (see, Judiciary Law §§ 750, 753; Family Ct Act §§ 156, 1072; Matter of McCormick v Axelrod, 59 NY2d 574, 582-583; Matter of Murray, 98 AD2d 93, 98).

Evidence that respondent's personal belongings and effects were found in the residence of corespondent and that his name was on the mailbox was totally irrelevant to the issue before the court. Respondent was not prohibited from keeping his belongings at corespondent's home nor was he prohibited from living there.

Evidence that respondent was seen outside corespondent's home trying to start his stalled vehicle when the social worker brought Carrie for a visit with corespondent does not provide the requisite proof to support a finding of contempt because that circumstance alone did not establish willfulness (see, Matter of Murray, supra).

Additionally, the cancellation of the October 4, 1986 visitation between Melissa and corespondent because respondent was then present cannot serve as a predicate for a finding of contempt since there was no proof that respondent had prior knowledge of the visitation. Petitioner's attorney merely stated at a court appearance on June 26, 1986, in respondent's presence, that visitation between corespondent and Melissa was "at various times and days".

Finally, the caseworker's testimony that visitation on Octo-

ber 17, 1987 between corespondent and Carrie had been delayed because of respondent's presence in the home cannot serve as a basis for a finding of a willful violation because the trial court properly ruled that corespondent's statement regarding respondent's presence was inadmissible hearsay. (Appeal from order of Monroe County Family Court, Bonadio, J.—criminal contempt.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.